IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CARL HOLDER                                                      PETITIONER

V.                          CIVIL ACTION NO. 2:12-CV-148-KS-MTP

RAYMOND BYRD                                                    RESPONDENT

<u>ORDER</u>

For the reasons stated below, the Court defers ruling on Respondent's Motion to Dismiss [6] and the Magistrate Judge's Report and Recommendation [10]. There are factual issues that must be developed before the Court can determine whether Plaintiff's petition is time-barred.

The AEDPA provides that petitions for federal habeas relief must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This time period is statutorily tolled while any properly filed motion for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner's judgment became final on April 1, 2009. He moved for post-conviction relief on May 27, 2010, leaving sixteen days to file a habeas petition after the state courts resolved his motion. On September 29, 2011, the Mississippi Court of Appeals issued a mandate affirming the lower court's denial of post-conviction relief. Petitioner had until October 17, 2011, to file a habeas petition, but he did not file one until August 9, 2012. Therefore, unless equitable or statutory tolling applies, his petition is time-barred.

In his objection [11] to the Magistrate Judge's Report and Recommendation, Petitioner asserted for the first time that LaTasha Clay, an individual working for the Inmate Legal Assistance Program ("ILAP"), advised him that he had one year after the state court resolved his motion for post-conviction relief to file a habeas petition. The AEDPA's one-year limitation period shall be tolled if there is an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" which actually prevents the applicant from filing. 28 U.S.C. § 2244(d)(1)(B). The Fifth Circuit has indicated that bad advice from the ILAP may constitute an impediment to filing, and that district courts should develop the facts surrounding such allegations. *See Howard v. Epps*, 250 F. App'x 73, 74-75 (5th Cir. 2007) (petitioner was entitled to statutory tolling where he claimed to have received inaccurate information from ILAP); *Thames v. Wilson*, 179 F. App'x 241, 242 (5th Cir. 2006) (district court's judgment vacated and remanded for development of facts pertinent to the application of § 2244(d)(1)(B) where petitioner claimed ILAP was inadequate).

Respondent cites *Neal v. Bradley*, No. 2:05-CV-67-M-B, 2006 U.S. Dist. LEXIS 69395, at *10 (N.D. Miss. 2006), arguing that Petitioner had the correct information regarding the AEDPA statute of limitations because of the post-conviction packet routinely provided to inmates. But in *Neal* the respondent provided evidence that the petitioner requested and received five copies of the "post-conviction packet." *Id.* at *11. Here, the record contains no evidence concerning the assistance Petitioner received from ILAP, and Petitioner's allegations merit factual development. *Thames*, 179 F.

App'x at 242.

Therefore, the Court defers ruling on Respondent's Motion to Dismiss [6] and the Magistrate Judge's Report and Recommendation [10]. Respondent has ten days to supplement the record and provide evidence that Petitioner was, in fact, provided accurate information concerning the relevant limitation periods. If Respondent fails to supplement the record, the Court will schedule an evidentiary hearing.

Once Respondent supplements the record, Petitioner shall respond to the evidence within fourteen days. Failure to timely respond may result in adverse consequences, including the dismissal of the habeas petition.

SO ORDERED AND ADJUDGED this 25th day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE