IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CARL HOLDER**                                                                                   **PETITIONER**

**V.**                                               **CIVIL ACTION NO. 2:12-CV-148-KS-MTP**

**RAYMOND BYRD**                                                                              **RESPONDENT**

## ORDER

For the reasons stated below, the Court **grants** Respondent's Motion to Dismiss [6] and adopts the Magistrate Judge's Report and Recommendation [10].

The AEDPA provides that petitions for federal habeas relief must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This time period is statutorily tolled while any properly filed motion for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner's judgment became final on April 1, 2009. He moved for post-conviction relief on May 27, 2010, leaving sixteen days to file a habeas petition after the state courts resolved his motion. On September 29, 2011, the Mississippi Court of Appeals issued a mandate affirming the lower court's denial of post-conviction relief. Petitioner had until October 17, 2011, to file a habeas petition, but he did not file one until August 9, 2012. Therefore, unless equitable or statutory tolling applies, his petition is time-barred.

In his objection [11] to the Magistrate Judge's Report and Recommendation, Petitioner asserted for the first time that LaTasha Clay, an individual working for the

Inmate Legal Assistance Program ("ILAP"), advised him that he had one year after the state court resolved his motion for post-conviction relief to file a habeas petition. The AEDPA's one-year limitation period shall be tolled if there is an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" which actually prevents the applicant from filing. 28 U.S.C. § 2244(d)(1)(B). The Fifth Circuit has indicated that bad advice from the ILAP may constitute an impediment to filing, and that district courts should develop the facts surrounding such allegations. *See Howard v. Epps*, 250 F. App'x 73, 74-75 (5th Cir. 2007) (petitioner was entitled to statutory tolling where he claimed to have received inaccurate information from ILAP); *Thames v. Wilson*, 179 F. App'x 241, 242 (5th Cir. 2006) (district court's judgment vacated and remanded for development of facts pertinent to the application of § 2244(d)(1)(B) where petitioner claimed ILAP was inadequate).

Respondent produced evidence [14-1, 14-3] demonstrating that Petitioner was provided accurate information concerning the post-conviction deadlines. Petitioner submitted an ILAP request form on June 1, 2009. The ILAP sent him a First Step Post-Conviction Packet on June 2, 2009. The packet outlined the appeals process from direct appeal through habeas petition, and it included accurate information concerning the relevant deadlines, the exhaustion of state remedies, and tolling.[1] Therefore, the Court

---

[1] Another District Judge in this state attached a copy of the packet as an exhibit to an opinion dismissing a habeas petition. *Neal v. Bradley*, No. 2:05-CV-67-M-B, 2006 WL 2796404, Ex. C (N.D. Miss. Sept. 25, 2006).

overrules Petitioner's objections related to the advice provided by the ILAP. *Id.*, 2006 WL 2796404 at *4-*5 (neither statutory nor equitable tolling were available where petition was provided accurate information in the ILAP packet).

The Court has reviewed the Magistrate Judge's Report and Recommendations [10], and adopts his conclusions concerning Petitioner's "actual innocence" argument. Actual innocence does not warrant equitable tolling, *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), and, regardless, Petitioner has not proved his actual innocence. Petitioner offered no meritorious argument in objection to these conclusions.

For the reasons stated above, the Court adopts the Report and Recommendations [10] of the Magistrate Judge. The Court **grants** Respondent's Motion to Dismiss [6]. This matter is dismissed with prejudice. The Court will enter a separate judgment as required by Rule 58.

SO ORDERED AND ADJUDGED this 26th day of August, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE